1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BOYAMIAN LAW, INC.
MICHAEL H. BOYAMIAN, SBN 256107
michael@boyamianlaw.com
ARMAND R. KIZIRIAN, SBN 293992
armand@boyamianlaw.com
550 No. Brand Blvd., Suite 1500
Glendale, California 91203
Telephone: (818) 547-5300
Facsimile: (818) 547-5678

THOMAS W. FALVEY, SBN 65744
thomaswfalvey@gmail.com
LAW OFFICES OF THOMAS W. FALVEY
550 North Brand Boulevard, Suite 1500
Glendale, California 91203
Telephone: (818) 547-5200
Facsimile: (818) 500-9307

Attorneys for Plaintiffs HECTOR MIRANDA, RENE MAYA, JR.,
Individually and on Behalf of All Similarly Situated Individuals

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR MIRANDA, an individual, RENE MAYA JR., an individual, on behalf of themselves and all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>R&L CARRIERS SHARED SERVICES, LLC, a Corporation, and DOES 1-10,<br><br>Defendants. | Case No. 2:18-cv-10063-SVW-(JCx)<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Date:** **February 10, 2020**<br>**Time:** **1:30 p.m.**<br>**Ctrm:** **10A**<br>**Before:** **Hon. Stephen V. Wilson**<br><br>[FILED CONCURRENTLY WITH PLAINTIFFS' MOTION FOR ATTORNEYS' THE DECLARATIONS OF MICHAEL H. BOYAMIAN, THOMAS W. FALVEY, CASSANDRA CITA RE: NOTICE SETTLEMENT ADMINISTRATION; [PROPOSED] ORDER] |

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................. 2

II.   FACTUAL BACKGROUND ............................................................... 3

III.  PROCEDURAL HISTORY .................................................................. 5

IV.   TERMS OF THE SETTLEMENT ....................................................... 7

V.    NOTICE PROCESS, OBJECTIONS AND EXCLUSIONS .......................... 7

VI.   LEGAL ARGUMENT ......................................................................... 8

    A.  The Settlement Meets the Criteria for Final Approval. ........................ 8

        1.  The Settlement is Fair Given the Strength of Plaintiffs' Case and the Risk, Expense, Complexity, and Likely Duration of Litigation. ................................................. 10

        2.  The Settlement Consideration and Allocation are Fair. ........... 12

        3.  The Settlement Reflects the Informed Views of Experienced Counsel and Is the Product of Serious, Arms-Length Negotiations Conducted After Extensive Discovery and Investigation. ....................................... 14

        4.  The Lack of Opposition by the Class Supports Approval. ................................................................. 15

    B.  Confirmation of the Court's Provisional Class Certification is Appropriate ................................................................. 16

    C.  The Court-Ordered Notice Program Is Constitutionally Sound. ........ 17

VII.  CONCLUSION……………………………………………………...18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Cases**

*Balderas v. Massage Envy Franchising, LLC* (N.D.Cal. July 21, 2014) 2014 U.S.
    Dist. LEXIS 99966 ................................................................................13

*Barcia v. Contain–A–Way, Inc.* (S.D. Cal. 2009) 2009 U.S. Dist. LEXIS 17118 .....16

*Bautista v. Harvest Management Sub* (C.D. Cal. July 7, 2014)................................13

*Burns v. Elrod* (7th Cir. 1985) 757 F.2d 151 ................................................17

*Churchill Vill., L.L.C.*, 361 F.3d ..............................................................17

*Churchill Vill., LLC. V. Gen. Elec.* (9th Cir. 2004) 361 F.3d 566 ...........................8

*Class Plaintiffs v. City of Seattle* (9th Cir. 1992) 955 F.2d 1268 ...........................8

*Eisen v. Carlisle & Jacquelin* (1974) 417 U.S. 156 .......................................17

Fed. R. Civ. P. 23(C)(2)...............................................................17, 18

Fed. R. Civ. P. 23(c)(2)(B) ...............................................................17

*Hanlon v. Chrysler Corp.* (9th Cir. 1998) 150 F.3d 1011 ................................9

*In re Omnivision Technologies, Inc.* (N.D. Cal. 2008) 559 F. Supp. 2d 1036 ...........15

*Ma v. Covidien Holding, Inc.* (C.D. Cal. 2014) 2014 U.S. Dist. LEXIS 76359 ....9, 14

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.* (C.D. Cal. 2004) 221 F.R.D. 523 15

*O'Sullivan v. AMN Services, Inc.* (N.D. Cal. Feb. 7, 2014) ...........................13

*Rodriguez v. West Publ'g Corp.* (9th Cir. 2009) 563 F.3d 948................................9

*Scott v. Bimbo Bakeries USA* (E.D. Pa. March 5, 2014) ................................13

*Torrisi v. Tucson Elec. Power Co.* (9th Cir. 1993) 8 F.3d 1370 ...........................18

*Villegas v. J.P. Morgan Chase & Co.*,
    (N.D. Cal. 2012) 2012 U.S. Dist. LEXIS 166704........................................9, 13, 17

**Rules**

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Fed. R. Civ. P. 23(b)(3) ........................................................................ 16, 17

Fed. R. Civ. P. 23(c)(2) ............................................................................... 18

Fed. R. Civ. P. 23(c)(2)(B) .......................................................................... 17

Fed. R. Civ. P. 23(e)(1) ................................................................................ 17

Fed. R. Civ. P. 23(e)(2) .................................................................................. 9

**Other Authorities**

Manual for Complex Litigation (Fourth) section 21.61 (2004) ................................. 9

**NOTICE TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Please take Notice that on February 10, 2020 at 1:30 p.m., or as soon thereafter as the matter can be heard in Courtroom 10A of the United States District Courthouse located at 350 West 1st Street, Los Angeles, California 90012, before the Honorable Stephen V. Wilson, Plaintiffs Hector Miranda and Rene Maya, Jr. ("Plaintiffs") will and hereby do move this Court for an Order Granting Final Approval of Class Action Settlement.

Plaintiffs' Motion is based on this Notice and the accompanying Memorandum of Points and Authorities and exhibits thereto; the Declaration of Michael H. Boyamian and the respective exhibits; the Declaration of Thomas W. Falvey; the Declaration of Cassandra Cita re: Notice and Claims Administration ("Simpluris Decl."); the Proposed Order; this Court's files and records; and any other evidence, briefing, or argument properly before this Court.

Plaintiffs respectfully request that the Court: (1) grant final approval of the proposed Settlement[1]; (2) certify the Class for settlement purposes; (3) find that the Notice was the best practicable notice under the circumstances and satisfied all Constitutional and other requirements; (4) confirm Settlement Class Members who have submitted timely requests for exclusion; (5) confirm as final the Court's preliminary appointment of settlement Class Counsel; (6) confirm as final the Court's preliminary appointment of Plaintiffs as class representatives; (7) grant service enhancement award to class representatives Hector Miranda and Rene Maya, Jr. in the amount of $5,000.00 each (collectively, $10,000); (8) grant an award of attorneys' fees[2] of $93,750 (25 percent of the total settlement sum) and litigation

---

[1] Capitalized terms herein have the same meaning as in the Settlement Agreement, attached as Exhibit 1 to the Declaration of Michael H. Boyamian in Support of Plaintiff's Motion for Final Approval of Class Action Settlement ("Boyamian Dec."), filed herewith.

[2] Class Counsel is concurrently filing and serving its Notice of Motion and Unopposed Motion for Class Counsel's Attorneys' Fees, Costs, Claims

costs of $13,064, for a total fee and expense award of $106,814; (9) grant payment to the Labor Workforce and Development Agency in the amount of $10,000 for penalties under the Labor Code pursuant to the Private Attorneys General Act of 2004 ("PAGA penalties"); (10) tentatively award the settlement administrator, Simpluris, Inc., $13,500 for claims administration expenses; (11) dismiss the action pursuant to the terms and conditions of the Settlement Agreement; (12) retain jurisdiction over the enforcement and implementation of the Settlement Agreement; and (13) issue related orders as necessary.

## I.  INTRODUCTION

On October 15, 2019, this Court granted preliminary approval of the class action settlement reached in this action between Plaintiffs Hector Miranda and Rene Maya, Jr. ("Plaintiffs") and Defendant R&L Carriers Shared Services, LLC ("Defendant" or "Shared Services") ("October 15 Order").  Plaintiffs now seek final approval of the proposed Settlement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

Plaintiffs allege that they and other Putative Class Members were denied basic protections under the California Labor Code while working and performing truck driving services for Defendant.  Plaintiffs alleged claims for unpaid wages, minimum wages, overtime pay, failure to provide meal and rest periods, failure to reimburse necessary business expenditures, interest thereon, wage statement and waiting time penalties, and other equitable relief, as well as reasonable attorneys' fees and costs. After thorough investigation, substantive discovery including depositions of Shared Services key personnel, and hard fought negotiations, Plaintiffs and Defendant entered into the Settlement to resolve this class action.  The Settlement includes a

---

Administration Expenses, and Service Award to the Class Representative on September 26, 2018, which is scheduled to be heard on November 19, 2018 in conjunction with Plaintiff's Motion for Final Approval.

Gross Settlement Amount of three hundred seventy-five thousand dollars and zero cents ($375,000), which includes attorneys' fees and costs, PAGA penalties, enhancement awards to Plaintiffs, the class representatives, and court-approved costs of settlement administration.

Notice was mailed to 766 Class Members on November 5, 2019. As explained in detail below, the notice procedures here were adequate.

The reaction of the Class has been overwhelmingly positive. The postmark deadline for opt-outs was December 20, 2019. Class Members who had notice packets re-mailed to them had until a maximum of January 3, 2020, to file any opt-outs, disputes, or objections. To date, the settlement administrator, Simpluris, Inc., has received 11 requests for exclusion from the Settlement. Equally significant, Simpluris has also received zero objections to the Settlement and no disputes concerning the calculation of the applicable WorkWeeks used for determining Class Members' individual settlement share. Therefore, 755 Class Members have chosen to participate in this Settlement and none have opposed it.

The near-100 percent participation rate in a Class comprised of over seven hundred and fifty individuals confirms that the Settlement is reasonable and in the best interests of the Class. Accordingly, Plaintiffs respectfully request that the Court grant final approval of the Settlement.

## II.    FACTUAL BACKGROUND

Plaintiffs were participating settlement class members in an earlier class action against Shared Services which Class Counsel prosecuted on behalf of California truck drivers. That case was *Mendez v. R+L Carriers, Inc., et al.*, U.S.D.C., Northern District of California, Case No. CV 11-02478 CW (hereinafter "*Mendez*"). Up until 2015 and following preliminary approval in *Mendez*, i.e., December 23, 2013, Plaintiffs contended that Class Members continued to be subjected to an illegal piece-rate compensation scheme which did not compensate them for all hours

worked.

Even after *Mendez* and continuing to date, Plaintiffs further contended that Shared Services did not make meal periods available to Class Members. This is due because Shared Services did not schedule such meal breaks, and as a result, such meal breaks were either skipped, taken late, or cut short. Plaintiffs contended that they were regularly directed to insert an idealized time entry for meal breaks when in reality no such meal break ever occurred. Plaintiffs similarly contended that Class Members were also not provided with mandated rest breaks. Class Members likewise were not reimbursed for necessary business expenditures incurred while working for Defendants as they routinely had to rely on their personal cell phones in order to carry out their job duties. Through Plaintiffs' assistance and cooperation, Class Counsel contacted other current and former employees of Shared Services who corroborated the practices Plaintiffs encountered in which Defendants violated the applicable sections of the California Labor Code.

Throughout the litigation, Plaintiffs alleged that Defendant had uniform policies and has utilized standardized practices triggering the wage and hour violations which constitute the common proof of both factual and legal issues. Thus, Plaintiffs alleged there is a predominance of common issues of facts and law which make the adjudication of Plaintiffs' claims appropriate for a class action and that Class Members were not properly paid wages under California law.

Defendant maintained that at all times, especially following the Mendez settlement, Shared Services implemented significant changes to its timekeeping and pay practices to be in conformity with California law.

The Class consists of approximately 766 individuals who currently or formerly were employed by Shared Services as non-exempt employees referred to as drivers or combo workers within the state of California at any time during the period from August 14, 2014 through October 15, 2019. Declaration of Michael H. Boyamian in

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement
("Boyamian Decl."), ¶ 10.

### III.    PROCEDURAL HISTORY

The class action lawsuit was filed on August 14, 2018 in the United States
District Court, Northern District of California.  Following Defendant's Motion to
Dismiss or Alternatively to Transfer Venue, this matter was transferred from the
Northern District of California to the Central District of California on December 6,
2018.  The matter was then assigned and is presently before the Hon. Stephen V.
Wilson.

Plaintiffs filed two ex-parte applications requesting that the Court waive Local
Rule 23-3, i.e., the ninety (90) day rule. After denying the first ex parte application,
the Court granted Plaintiffs second ex parte application and Plaintiffs had until April
6, 2019, to file their Motion for Class Certification.

Shared Services also filed a Motion to Dismiss Plaintiffs' California Meal and
Rest Break-Related Claims on the basis that they are "preempted by 49 U.S.C. §
31441 of the Federal Aviation Administration Authorization Act," based on the
Federal Motor Carrier Safety Administration Act's ("FMCSA") December 28, 2018
opinion which served as a break away to FMCSA's December 24, 2008 decision on
the (lack of) preemption of California's meal and rest break laws.  Plaintiffs opposed
that Motion on February 25, 2019.  Defendant's Motion to Dismiss was set to be
heard on March 18, 2019.

Plaintiffs also filed a representative action under the Private Attorneys General
Act on February 13, 2019 which was pending in the Superior Court of California,
County of Los Angeles.  After the Parties reached a global settlement in principle of
the claims from both suits earlier this year, the complaint in this action was amended
to add the PAGA claims to this suit.  The operative First Amended Complaint with
the added PAGA claim was filed on August 13, 2019.

Plaintiffs' Counsel has conducted a thorough investigation into the relevant facts and legal claims.  The parties have discussed mediation and possible resolution while simultaneously engaging in discovery and deposition.  Plaintiff's Counsel propounded written discovery on Defendant on February 13, 2019. Plaintiffs also took the depositions of Defendant's Person Most Qualified pursuant to F.R.C.P. 30(b)(6).

Further, Plaintiffs' Counsel informally requested several categories of information from Defendant that were required in order to evaluate the potential damages and engage in meaningful settlement discussions.  Plaintiffs' Counsel closely reviewed the data provided by Defendants to determine the amount of damages potentially available to Class Members.  Class Counsel also retained the services of an expert to analyze the various, relevant time and pay data pertaining to the Class.  Class Counsel also contacted and extensively interviewed over twenty-five (25) current and former Class Members.  Class Counsel identified a select group of Class Members who were prepared to submit declarations in support of class certification. Boyamian Decl. ¶ 14.

Mediation was conducted with Steven J. Serratore, on March 7, 2019. Counsel for the Parties fully briefed their positions to the mediator.  After a full day of extensive arms-length negotiations by and among the Parties - the Parties were unable to reach this Settlement.  Substantial follow-up work was conducted by the Mediator and the parties eventually came to an agreement by way of a Mediator's Proposal on March 22, 2019. Boyamian Decl. ¶ 16.

Based on an independent investigation and evaluation, Plaintiffs' Counsel are of the opinion that the Settlement with Defendant for the consideration and on the terms set forth in the Settlement Agreement is fair, reasonable, and adequate, and is in the best interests of the Class Members, in light of all known facts and circumstances, including the risk of significant delay, the risk of outright denial of

1   claims and recovery in this action, and the risk that if this matter is litigated a Class

2   may not be certified by the Court or that it may later be decertified, the risk that

3   Defendant will prevail on its defenses, as well as potential appellate issues.

4   Boyamian Dec ¶ 10.

5                   **IV.   TERMS OF THE SETTLEMENT**

6          The complete Settlement Agreement is attached as Exhibit 1 to the Boyamian

7   Decl.

8          The key terms of the settlement are as follows: Defendant will pay $375,000

9   to the Class to settle this lawsuit.  Settlement, ¶ 1.17  There are 766 Class Members.

10  Simpluris Decl., ¶ 6.  Plaintiff's Counsel will request attorney fees in the amount of

11  $93,750.  Settlement, ¶ 1.2, 7.1.  Plaintiffs will request to be reimbursed for costs in

12  an amount not to exceed $15,000.  Settlement, ¶ 1.16, 7.1.  Class Counsel will

13  request enhancement award of $5,000 for each of the class representatives

14  (collectively $10,000), Plaintiffs Hector Miranda and Rene Maya, Jr.  Settlement, ¶

15  3.5

16         Any settlement funds that ultimately remain unclaimed will *not* revert to

17  Defendant, but instead if the unclaimed residual is in excess of $10,000 it will be re-

18  distributed to participating Class Members or alternatively, if the unclaimed residual

19  is less than $10,000 it will be paid to the State of California, California Department

20  of Industrial Relations Unpaid Wage Fund, in the Class Members' name.

21              **V.   NOTICE PROCESS, OBJECTIONS AND EXCLUSIONS**

22         Plaintiff's motion for preliminary approval designates Simpluris, Inc. as the

23  settlement administrator in this case.  The Settlement provides that Simpluris shall

24  send the Notice of Settlement of Class Action (the "Notice") by first class mail to the

25  last known addresses of Class Members.  Settlement, ¶ 8.2

26         On October 29, 2019, Simpluris received from Defendant a computerized list

27  of 766 Class Members.  Simpluris Decl., ¶ 4.  Simpluris formatted the list for mailing

28

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

purposes, removed duplicate records, and processed the names and addresses through the National Change of Address Database to update any addresses on file with the United States Postal Service.  Simpluris Decl., ¶ 5.

On November 5, 2019, Simpluris caused the Notice to be printed and mailed to the 766 names on the original class list.  Simpluris delivered the Notices to the United States Post Office.  Simpluris Decl., ¶ 6.

Since the mailing date, Phoenix received 22 re-mail requests from Class Members.  After conducting a thorough search to locate a current mailing address using Accruint, Simpluris then re-mailed Notices to these Class Members except for four. Simpluris Decl., ¶ 7.

Moreover, since mailing the Notices to the Class Members, only 4 Notices have been returned by USPS to Simpluris as bearing undeliverable addresses.  Notably, these four notices were returned a second time and deemed undeliverable.  Simpluris Decl., ¶ 7.

The postmark deadline for filing requests for exclusion, objections to the settlement, and disputes of the employment information provided in the Notice was December 20, 2019.  To date, Phoenix has received 12 opt-outs, approximately 1.5% of the entire Class.  More importantly, Simpluris has not received any objections to the Settlement nor any contested disputes concerning any of the Class Members' employment information.  Simpluris Decl., ¶¶ 8-11.

## VI.  LEGAL ARGUMENT

### A.    The Settlement Meets the Criteria for Final Approval.

Courts strongly favor settlement, particularly in complex class actions.  *Class Plaintiffs v. City of Seattle* (9th Cir. 1992) 955 F.2d 1268, 1276; *see also Churchill Vill., LLC. V. Gen. Elec.* (9th Cir. 2004) 361 F.3d 566, 576.  Approval of a class action settlement rests in the sound discretion of the trial court.  *Hanlon v. Chrysler Corp.* (9th Cir. 1998) 150 F.3d 1011, 1026.

In determining final approval, the court's inquiry is whether the settlement is "fair, adequate, and reasonable." Fed. R. Civ. P. 23(e)(2). A class action settlement meets this standard when "the interests of the class are better served by the settlement than by further litigation." Manual for Complex Litigation (Fourth) § 21.61 (2004). Rule 23(e)'s primary concern is "the protection of those class members, including the named plaintiffs, whose rights may not have been given due regard by the negotiating parties." *Ma v. Covidien Holding, Inc.* (C.D. Cal. 2014) 2014 U.S. Dist. LEXIS 76359, *4. However, rather than reaching any conclusions on the contested legal and factual issues, a court may "presume that through negotiation, the Parties, counsel, and mediator arrived at a reasonable range of settlement by considering Plaintiff's likelihood of recovery." *Villegas v. J.P. Morgan Chase & Co.,* (N.D. Cal. 2012) 2012 U.S. Dist. LEXIS 166704, *15-16.

In deciding whether a class action settlement is fair, adequate and reasonable, courts in the Ninth Circuit consider the following factors: (1) the strength of the Plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *Rodriguez v. West Publ'g Corp.* (9th Cir. 2009) 563 F.3d 948, 963 (overruled on other grounds).

As discussed below, these factors weigh heavily in favor of final approval because the benefit of a considerable non-reversionary financial recovery of $375,000 distributed to 755 Class Members outweighs the risks, costs and delays inherent in further class action litigation.

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

### 1.   The Settlement is Fair Given the Strength of Plaintiffs' Case and the Risk, Expense, Complexity, and Likely Duration of Litigation.

The first, second, and third *Rodriguez* factors all support final approval of this Settlement.  As to the first prong, Plaintiffs face the difficult task of proving that Defendant violated specific and separate sections of the Labor Code, including but not limited to, minimum wage, overtime, meal and rest period laws, reimbursement laws, and the wider protections of California Labor Code § 1171. Through the assistance of Plaintiffs, Counsel for Plaintiffs was able to receive significant corroboration as to the merits of those violations.  However, the uncertainty over whether Plaintiffs will be able to achieve class certification and the appropriateness of class treatment, and whether Plaintiffs will be able to prove the asserted labor code violations make this $375,000 settlement amount for 755 Class Members a genuinely "fair, adequate, and reasonable" result.

The second *Rodriguez* factor also supports the final approval of this settlement.  When the parties reached the instant settlement, Plaintiffs' deadline to file their motion for class certification was on the horizon. Had Plaintiffs prevailed, Defendant would likely have brought a motion to decertify the class or move to appeal the order.  In contrast, if the Court had not granted Plaintiffs' motion for class certification, Plaintiffs would have attempted to rectify any deficiencies and bring a renewed motion for class certification.  If that likewise was unsuccessful, then 755 class members would not partake in the relief obtained today.

After the certification issue is determined, it is likely that Defendant, would have brought motions for summary judgment.  Much of this pre-trial litigation would entail multiple briefs and responses from both parties.  The summary judgment process itself would take several months, if not a full year, to complete.  Most notably, Plaintiffs and Class Members faced a real daunting possibility that their meal and rest breaks were barred on the basis of preemption by the Federal Motor Carrier Safety Administration Order on December 28, 2018. Similarly, Defendant

10

would also have grounds to contest through a dispositive motion as to whether Plaintiffs and Class Members are owed any overtime wages due to the fact that drivers may be required to drive out-of-state and therefore are exempt from state and overtime laws.

Should the litigation resume, the parties would also have to complete remaining, outstanding discovery before the above motion practice could resume.

Moreover, if this case ultimately reaches trial, the trial process itself is likely to be long and complicated. As Plaintiff alleges claims for numerous violations, including unpaid overtime, meal break violations, rest break violations, and unfair competition, the trial length would be significant.

Finally, the third *Rodriguez* factor also favors approval of the instant settlement. While Plaintiffs are confident that the facts of this case are such that class treatment is appropriate, there is some risk that trial will reveal this to not be the case. In particular, Plaintiffs' investigation and the discovery conducted thus far showed that Defendant imposed common policies, whether formally or through a course of conduct, where violations of the Labor Code was systemic and uniform. Nevertheless, if trial testimony reveals that Class Members had the freedom to exercise independently to Defendant's policies and practices, that Class Members utilized practices that was distinct and separate to the practices in place at one of the many different yards Shared Services operated in California, class treatment in such a scenario may become untenable. Put differently, if trial testimony shows variance over how Class Members recorded time worked, breaks taken, schedules, management style at each of the yards, the suit may then be deemed inappropriate for class treatment.

Lastly, it is worth emphasizing that during the pendency of this lawsuit, the FMCSA published an Order concluding that California's meal and rest break rules, codified in California Labor Code sections 226.7 and 512 and sections 11 and 12 of

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

IWC Order 9-2001, are preempted, under 49 U.S.C. 31141(c), as applied to property-carrying commercial motor vehicle (CMV) drivers covered by the FMCSA's hours of service regulations.  This served as the basis for Defendant's Motion to Dismiss which was filed on February 13, 2019 (Doc. 34) and was set to be heard on March 18, 2019.  This Opinion served as a complete reversal to the FMCSA's December 24, 2008 decision on the (lack of) preemption of California's meal and rest break laws. This Opinion also is believed to have retroactive effect as the FMCSA's March 22, 2019 Legal Opinion of the Office of the Chief of Counsel provided that "FMCSA [P]reemption [D]ecision under Section 31141 precludes courts from granting relief pursuant to the preempted State law or regulation at any time following issuance of the decision, regardless of whether the conduct underlying the lawsuit occurred before or after the decision was issued, and regardless of whether the lawsuit was filed before or after the decision was issued."  (Emphasis added).   The bulk of Plaintiffs' claims and damages calculations all centered on Plaintiffs and Class Members' claims for meal and rest break premium pay. If the Court had granted Shared Services' Motion to Dismiss, Plaintiffs and Class Members would recover nothing for their meal and rest break claims.

Had the parties not reached this global compromise, Defendant's Motion could have very well been granted leaving Plaintiffs and Class Members very little if close to nothing.

### 2.    The Settlement Consideration and Allocation are Fair.

Simpluris has preliminarily calculated the class member settlement awards based on the current Net Settlement Sum of $205,250 and 755 participating Class Members.  The settlement awards were calculated by counting the total number of Covered Workweeks all Class Members worked and dividing the Settlement Pool amount by that number. Each Participating Claimant will receive a Settlement Payment equal to his or her number of Covered Workweeks multiplied by the value

of a Covered Workweek.  The total value of Covered Workweeks attributable to Class Members who do not become Participating Claimants will be added back into the Settlement Pool and divided among each Participating Class Member.

Based on the above calculations, the average claim value for 755 participating Class Members with a $205,250 Net Settlement Amount is $271.85, and the highest individual settlement payment to be paid will be approximately $642.26. Simpluris Decl., ¶¶ 12-13.

 "[I]t is well-settled law that a cash settlement amounting to only a fraction of the potential recovery does not *per se* render the settlement inadequate or unfair. Rather, the fairness and the adequacy of the settlement should be assessed relative to risks of pursuing the litigation to judgment."  *Villegas*, 2012 U.S. Dist. LEXIS 166704 at *16. (internal quotations and citations omitted).

Case law demonstrates that this fractional recovery may be fair and reasonable depending on the circumstances of the case.  *See Balderas v. Massage Envy Franchising, LLC* (N.D. Cal. July 21, 2014) 2014 U.S. Dist. LEXIS 99966, *16 (preliminarily approving settlement "on the low end of the spectrum for class settlement awards receiving approval" where gross settlement amount of $504,000 "represents roughly eight percent of the maximum recovery" and net settlement amount of $325,000 represents "just five percent."); *O'Sullivan v. AMN Services, Inc.* (N.D. Cal. Feb. 7, 2014) 12-cv-2125 (ECF No. 92) ($3 million gross settlement amount for a class of 11,685 people – total exposure estimated for the case was $108 million, before penalties and interest);  *Scott v. Bimbo Bakeries USA* (E.D. Pa. March 5, 2014) No. 2:10-cv-03154 (ECF No. 174) (approving settlement of wage and hour claims alleging independent contractor misclassification for payments of $900 to each current driver and $450 to each former driver);  *Bautista v. Harvest Management Sub* (C.D. Cal. July 7, 2014)  No. 2:12-cv-10004 (ECF No. 79) (final approval of a $2.2 million gross settlement amount for wage-and hour violation

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

claims of 14,000-member class).[3]

"[It] is not uncommon for a class action settlement to amount to approximately 10% of the total potential value." *Ma*, 2014 U.S. Dist. LEXIS 76359, at *2 (finding that settlement providing 9.1% of the "actual likely recovery" is within the range of reasonableness'"). Here, the gross settlement amount is approximately 10% of the conservative recovery estimate of $4,000,000. This is reasonable given the strength of Plaintiffs' claims and the risks, expenses, and complexity of continued litigation as described above. Boyamian Decl., ¶ 22.

The plan of allocation is also fair and reasonable. The Settlement provides that the settlement fund shall be allocated based, for all intents and purposes, the length of employment.

> ### 3. The Settlement Reflects the Informed Views of Experienced Counsel and Is the Product of Serious, Arms-Length Negotiations Conducted After Extensive Discovery and Investigation.

The fifth and sixth factors—the informed views of counsel and the discovery conducted to date in the litigation—also support final approval of the Settlement.

Prior to filing the complaint, Class Counsel engaged in legal research regarding the potential claims and defenses in the case. Further, Class Counsel investigated the factual basis for the claims through conversations and meetings with Plaintiffs, and by evaluating numerous documents provided by Plaintiffs. Boyamian Dec., ¶¶ 9-10, 20.

More significantly, Class Counsel reached out to dozens upon dozens of putative class members in order to secure their cooperation and ultimately declarations in support of a motion for class certification. Class Counsel also conducted a deposition of Defendant's designated witness under FRCP 30(b)(6)

---

[3] It is important to note that in these cases, the courts considered the gross settlement amount, not the net settlement amount, as is done here.

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

concerning Shared Services' official timekeeping and pay policies. While Plaintiffs were prepared to bring forth a comprehensive motion for class certification, Defendant likewise filed a Motion to Dismiss which would have been dispositive to Plaintiffs' alleged claims of meal and rest break violations.  As noted above, the meal and rest break claims were the bulk of Plaintiffs' overall damages sought against Defendant.  Boyamian Dec., ¶ 20.  As the parties mediated only after completed the above depositions and only after Defendant filed its Motion to Dismiss, the parties entered settlement negotiations with a thorough understanding of the strengths and weaknesses of their respective cases.

Class Counsel are experienced in class action litigation and focus on employment wage and hour matters.  Under these circumstances, Class Counsel's assessment that the Settlement is fair, adequate, and reasonable is worthy of deference.  *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.* (C.D. Cal. 2004) 221 F.R.D. 523, 528 ("'Great weight' is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation.").

### 4.    The Lack of Opposition by the Class Supports Approval.

"It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members."  *In re Omnivision Technologies, Inc.* (N.D. Cal. 2008) 559 F. Supp. 2d 1036, 1043 (internal citations omitted).

As described above, pursuant to the Court's preliminary approval order, Simpluris mailed the Notice to all Settlement Class Members identified through the data provided by Defendants.  Simpluris Decl., ¶¶ 8, 11.  The deadline to object to the Settlement and the deadline to opt-out from the Settlement was December 20, 2019.  Phoenix Decl., ¶¶ 8, 10-11.  To date, Phoenix has received zero objections and only 12 valid opt-outs to the Settlement.  Phoenix Decl., ¶ 14.

1    A 98% participation rate and 0% objection rate supports the view that the

2  Settlement is fair and reasonable.  *Barcia v. Contain–A–Way, Inc.* (S.D. Cal. 2009)

3  2009 U.S. Dist. LEXIS 17118, *12 (absence of objectors "strongly supports the

4  fairness, reasonableness, and adequacy of the settlement").

5

6  **B.    Confirmation of the Court's Provisional Class Certification is Appropriate**

7

8    Plaintiffs also request that the Court confirm its provisional certification order

9  and find that the proposed Settlement Class meets all the requirements under Rule

10  23.  Specifically, Plaintiffs ask the Court to finally certify the following class for

11  settlement purposes:

12    The Class is comprised of all individuals who were employed by Shared
   Services as non-exempt employees referred to as drivers or combo workers
13    within the state of California at any time during the period from August 14,
   2014 through October 15, 2019 (the "Class Period").

14    The provisionally certified class satisfies each of the certification requirements

15  that: (1) the individuals in the settlement Class are so numerous that joinder would

16  be impracticable (755 settlement Class Members); (2) there are common questions of

17  law or fact common to the class; (3) Plaintiffs' claims are typical of the claims of the

18  absent settlement class members; and (4) Plaintiffs and their counsel will adequately

19  and fairly represent the interests of the absent settlement class members.  *Hanlon*,

20  150 F.3d at 1019; ECF No. 47, 6.  In addition, Plaintiffs have established that the

21  Class is maintainable under Rule 23(b)(3) because common questions "predominate

22  over any questions affecting only individual members," and class resolution "is

23  superior to other available methods for the fair and efficient adjudication of the

24  controversy."  Fed. R. Civ. Pro. 23(b)(3);  ECF No. 47, 6-7.  Accordingly, Plaintiffs

25  request that the Court finally certify the class for settlement purposes under Rule 23.

26

27

28

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

### C.    The Court-Ordered Notice Program Is Constitutionally Sound.

Under Rule 23(e), the Court "must direct notice in a reasonable manner to all Class Members who would be bound by a propos[ed settlement]." Fed. R. Civ. P. 23(e)(1) Fed. R. Civ. P. 23(e)(1). Class Members are entitled to receive "the best notice practicable" under the circumstances. *Burns v. Elrod* (7th Cir. 1985) 757 F.2d 151, 154. Notice is satisfactory "if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Vill., L.L.C.*, 361 F.3d at 575 (internal citations omitted). Moreover, notice that is mailed to each member of a class "who can be identified with reasonable effort" constitutes reasonable notice. *Eisen v. Carlisle & Jacquelin* (1974) 417 U.S. 156, 177. For any certified Rule 23(b)(3) class, the notice must inform Class Members "that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded." Fed. R. Civ. P. 23(c)(2)(B).

The final Notice, submitted as Exhibit A to the Settlement, explains the nature of the action and the terms of the Settlement (including the Settlement Amount, how individual Settlement awards will be calculated, the attorneys' fees to be paid, the claims that will be released). It also explains how the Class Members may receive a portion of the Settlement, be excluded from the Settlement, or object to the Settlement. This information satisfies Rule 23(e). *See, e.g., Villegas* 2012 U.S. Dist. LEXIS 166704, at * 23 (approving a notice containing the same categories of information).

The notice plan provided for in the Settlement and approved by the Court in its October 15 Order satisfies the notice standard for all persons who were mailed notice. Class Counsel formatted this Notice in an easy-to-read manner. The Notice encouraged Class Members to contact the Settlement Administrator or Class Counsel with any questions and provided their telephone numbers, mailing addresses, and/or web contact information. Boyamian Decl., ¶ 45, Ex. 1-A.

1    Accordingly, the Notice and Notice plan fulfilled all requirements of adequate

2    notice and should be duly approved. *See Torrisi v. Tucson Elec. Power Co*. (9th Cir.

3    1993) 8 F.3d 1370, 1374-75; Fed. R. Civ. P. 23(c)(2).

4    **VII.CONCLUSION: THE COURT SHOULD GRANT PLAINTIFFS' MOTION**

5    **FOR FINAL APPROVAL OF THIS SETTLEMENT**

6    For the foregoing reasons, Plaintiffs respectfully request that the Court grant

7    final approval of the Settlement.

8    Respectfully Submitted,

9    Dated: January 13, 2020        BOYAMIAN LAW, INC.

10    LAW OFFICES OF THOMAS W. FALVEY

11    By:   /S/ Michael H. Boyamian

12    MICHAEL H. BOYAMIAN

13    Attorneys for Plaintiffs and the Putative Class

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT