JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR MIRANDA, an individual, RENE MAYA JR., an individual, on behalf of themselves and all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>R&L CARRIERS SHARED SERVICES, LLC, a Corporation, and DOES 1-10,<br><br>Defendants. | Case No: 2:18-cv-10063-SVW-(JCx)<br><br>[The Honorable Stephen V. Wilson]<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:   February 10, 2020<br>Time:   1:30 p.m.<br>Courtroom:   10A<br><br>*Action Filed*: August 14, 2018<br>*Trial:* None currently Scheduled |

Plaintiff's motion for final approval of class action settlement, and motion for attorneys' fees and costs, came on for hearing before this Court, Judge Stephen V. Wilson, presiding, on February 10, 2020 at 1:30 p.m. Due and adequate notice having been given to the Class Members, and the Court having considered the Settlement, all papers and proceedings had herein, and all oral and written comments received regarding the proposed Settlement, and having reviewed the records in this case, and good cause appearing, the Court

**HEREBY ORDERS THE FOLLOWING**:

1. This Court has jurisdiction over the subject matter of this application and all matters relating thereto.

2. The Court confirms as final its provisional certification of the Class in its October 15, 2020 order preliminarily approving the Settlement. The Class is comprised of: "The Class is comprised of all individuals who were employed by Shared Services as non-exempt employees referred to as drivers or combo workers within the state of California at any time during the period from August 14, 2014 through October 15, 2019." With respect to the Class and for purposes of approving this settlement only, this Court finds and concludes that: (a) the members of the Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Class, and there is a well-defined community of interest among members of the Class with respect to the subject matter of the lawsuit; (c) the claims of the Class Representatives are typical of the claims of the other members of the Class; (d) the Class Representatives have fairly and adequately protected the interests of the Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) the counsel of record for the Class Representatives, i.e., Class Counsel, are qualified to serve as class counsel;

///

3. The Court confirms as final the appointment of Hector Miranda and Rene Maya, Jr. as Class Representatives and awards them $5,000 each, for a total sum of $10,000.00, for their services as Class Representatives;

4. The Court confirms as final the appointment of Boyamian Law, Inc. and the Law Offices of Thomas W. Falvey as Class Counsel;

5. The Court approves the payment of fees and other charges of the settlement administrator Simpluris, Inc., totaling $13,500.00;

6. The Court approves the allocation of $10,000 for civil penalties under the California Labor Code Private Attorneys General Act for distribution in accordance with Section 5.5 of the Settlement.

7. The Court approves an award of attorneys' fees of $93,750.00 (25 percent of the total settlement sum) and litigation costs of $13,064.00, for a total fee and expense award of $106,814.00.

8. Pursuant to Fed. R. Civ. P. 23(e), the Court grants final approval to the Settlement, and orders the parties to implement, and comply with, its terms.  The Court finds that the Settlement is fair, reasonable, and adequate in all respects, and that it is binding on all members of the Class.  The Court specifically finds that this Settlement affords substantial monetary relief to the Class, and is rationally related to the strength of Plaintiffs' claims given the risk, expense, complexity, and duration of further litigation.  This Court also finds that the Settlement is the result of arms-length negotiations between experienced counsel after thorough factual and legal investigation, and significant litigation including fully briefing a motion for class certification.  The Court further finds that the response of the Class to the Settlement supports final approval, in that zero Class Members objected to the proposed Settlement and approximately 1.5% have excluded themselves from the Settlement.

9. The Notice provided to the Class constituted the best notice practicable under the circumstances, and fully met the requirements of due process under the

United States Constitution and California law, by providing individual notice to all Class Members who could be identified through reasonable effort.

10. The Court finds that the proposed plan of allocation is fair and reasonable. The procedures set forth in the Settlement by which payments are to be calculated and made to Class Members are fair, reasonable, and adequate. Payment shall be made according to those allocations and pursuant to the procedure set forth in the Settlement and this Order.

11. By operation of this Order and upon the effective date of the Judgment, Plaintiff, shall release, relinquish, and discharge all claims against the Releasees released under the terms of Section 5.8 of the Settlement.

12. By operation of this Order and upon the effective date of the Judgment, all Class Members who have not opted out of the Settlement shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Releasees as set forth in Section 5.8.2 of the Settlement.

13. This Judgment is intended to be a final disposition of the above-captioned action in its entirety, and is intended to be immediately appealable.

14. This Court shall retain jurisdiction with respect to all matters related to the administration and consummation of the settlement, and any and all claims, asserted in, arising out of, or related to the subject matter of the lawsuit, including but not limited to all matters related to the settlement and the determination of all controversies relating thereto.

15. The request attorneys' fees and costs are fair, reasonable, and were incurred in the best interests of the Class. Class Counsel, Boyamian Law, Inc. and the Law Offices of Thomas W. Falvey, achieved a settlement for the Class Members through their diligent research, investigation, and litigation of the case. Therefore, the fees are appropriate under a percentage-of-recovery analysis, as the fees requested are in line with previous awards affirmed and approved by the

Ninth Circuit Court of Appeals and the Central District of California. *See, e.g., In re Pac. Enterprises Sec. Litig.* (9th Cir. 1995) 47 F.3d 373, 378-79 (affirming fee award of one-third of settlement); and *In re Heritage Bond Litigation*, No. 02-ML-1475-DT, 2005 WL 1594403, *19 (C.D. Cal. June 10, 2005) (33 1/3% of $27.83 million).

    16. The Court grants an award of attorneys' fees of $93,750.00 (25 percent of the total settlement sum) and litigation costs of $13,064, for a total fee and expense award of $106,814 to be deducted from the settlement fund of $375,000.00 pursuant to the terms of the Stipulation and Settlement Agreement, attached to the Declaration of Michael H. Boyamian as Exhibit "1".

    17. The Settlement Administrator shall pay the above-stated attorneys' fees and costs to Class Counsel within twenty-one (21) calendar days of the Effective Date, as defined in Section 6.4.2 of the settlement.

    **IT IS SO ORDERED** this ___21st___ day of __February__, 2020.

                                                           _____
                                                          Hon. Stephen V. Wilson
                                          United States District Court Judge